Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

FRANK DOLAN,

Plaintiff,

v.

SENTRY CREDIT, INC. d/b/a WEST COAST ADJUSTERS; MICHAEL MATHIS, an individual; JAMES STEWART, an individual and JOHN DOES 1-20,

Defendants.

Case No. 2:17 cv 1632 RAJ

DEFENDANTS' MOTION TO STRIKE INADMISSIBLE EVIDENCE AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

NOTED FOR CONSIDERATION: NOVEMBER 9, 2018

## I.    INTRODUCTION

The parties have each moved for summary judgment.  Rather than reiterate the arguments defendants have made in support of their motion, defendants incorporate their reasons for seeking summary judgment.  Unless the context indicates otherwise, "SCI" refers to defendant Sentry Credit, Inc. and the individual defendants.

## II.    OPPOSITION EVIDENCE

In addition to the evidence defendants have filed in support of their motion to dismiss the complaint (Dkt #s 38-1, 38-2, 38-3 and 38-4) defendants now also submit the declarations of Michael Mathis, Chris Straiter and Michael Donner in opposition to plaintiff's motion.

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 1
[2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

### III.   ARGUMENT

**A.   Motion to Strike Evidence.**   Motions for summary judgment must be supported by admissible evidence.  Fed.R.Civ.P 56(c).  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ["A trial court can only consider admissible evidence in ruling on a motion for summary judgment."]  Plaintiff bases his motion on the inadmissible evidence identified below. The court should strike such evidence for the following reasons:

*i.   Transcript of Telephonic Conversation.*   The Ninth Circuit limits the use of the transcript of a sound recording.  In *U.S. v. Booker,* 952 F.2d 247 (9th Cir. 1991) and in *U.S. v. Delgado*, 357 F.3d 1061 (9th Cir. 2004), the defendants challenged rulings in which juries were provided with transcripts of recordings *in addition to the recordings themselves.*  The transcripts were not admitted into evidence.  In each case, the court concluded that providing the jury with transcripts *to aid it in understanding the tapes* was within the trial court's discretion. However, safeguards are required. *Delgado* identified the steps the court should take to safeguard the integrity of this evidence.  At 1070 the court instructed as follows,

> ...the court reviewed the transcript for accuracy; whether defense counsel was allowed to highlight alleged inaccuracies and to introduce alternative versions; whether the jury was instructed that the tape, rather than the transcript, was evidence; and whether the jury was allowed to compare the transcript to the tape and hear counsel's arguments as to the meaning of the conversations....

The court has had no opportunity to compare the proffered transcript (Exhibit A to Dolan declaration) with the actual sound recording to assure its accuracy.  Nor has plaintiff submitted the recording from which the transcript was ostensibly prepared. Thus, the transcript has no indicia of accuracy.

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 2
[2:17 cv 1632 RAJ]



SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

In fact, the transcript is inaccurate.   Inaccuracies begin with the first sentence of the transcript. The SCI employee's first sentence was, "This is Mike Donner on a recorded line for quality assurance. How may I help you?" In contrast, the transcriptionist typed, "Yes, this is Mike Donner on your monitor, recorded live for quality assurance. How may I help you?" While the difference between these two sentences is not material, it demonstrates the inherent unreliability of Exhibit A.  For this reason, the court should strike Exhibit A as not being authenticated or having any indicia of reliability.

Moreover, Exhibit A has not been properly authenticated.  First, the transcriptionist is not a certified court reporter.  The transcriptionists' credentials are unknown.  Second, the transcriptionist states that plaintiff's counsel provided her with an mp3 file that she transcribed.  Plaintiff offers no competent evidence that the mp3 file was complete and accurate. Nor does any competent evidence of record demonstrate that the recording has not been manipulated in any way.  Nor has the transcriptionist verified that the recording has not been altered in any way.  In short, there is no chain of custody evidence proffered from which the court can conclude that what the transcriptionist heard was an unaltered version of the MP3 file defendants delivered to plaintiff's counsel during discovery.

*ii.*     *Dolan Declaration Includes Inadmissible Hearsay.*   Paragraph 2 proffers statements allegedly made by the "front desk lady" at Proliance who allegedly informed Dolan what his procedure would cost, what his insurance would cover and what he would owe.  This is an extrajudicial statement offered to prove the matter asserted. It is inadmissible hearsay. Fed. R. Ev. 801(c).  It should be stricken.

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 3
[2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

1    *iii.*   *Dolan Exhibit F.*   Exhibit F purports to be evidence of harm to Dolan's

2    business or property, proffered to satisfy the damages component of the CPA claim.   The

3    exhibit is inadmissible hearsay.   Most offensively, it is not given under oath. As such, it is not

4    sworn testimony of the author.   It is incompetent evidence.   Moreover, Exhibit F's author is

5    someone who Dolan never identified in his Fed.R.Civ.P 26(a) initial disclosure statement or

6    during discovery.    Defendants have had no opportunity to examine the exhibit's author.  For

7    these three reasons, the proffered evidence of damages is inadmissible and should be stricken

8    from the record.

9    *iv.*   *Davidovskiy Declaration – Relevance.*   Paragraph 8 to Davidovskiy's

10   declaration and Exhibits G and H referenced in paragraph 8 purport to be listings of federal

11   lawsuits against SCI. Exhibits G and H are irrelevant under Fed. R. Ev. 401 for multiple

12   reasons.

13   First, they cover a 17 year period from 2001 through 2017.  Litigation going this far

14   back is too attenuated to be even remotely relevant to the current claims.

15   Second, these exhibits do not indicate the nature of the disputes.  They may, or may

16   not, be similar to the allegations at issue here.  Plaintiff has failed to cull relevant cases from

17   the list.  In fact, the case appearing on line 21 of Exhibit G (Case 2:2015 cv 00524), was not

18   even a consumer action. That was a commercial dispute between SCI and Wells Fargo Bank.

19   It had nothing to do with the FDCPA, the WCAA or any other consumer protection statute.

20   Given this fact, the mere docket list is irrelevant to the questions of whether SCI violated state

21

22

23   DEFENDANTS' MOTION TO STRIKE AND
     OPPOSITION TO PLAINTIFF'S MOTION
     FOR SUMMARY JUDGMENT - 4
     [2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

or federal consumer protection laws *in its interactions with **this** plaintiff* by engaging in the same conduct with other consumers.

In *Rose v. Bank of Am., N.A.,* 2017 WL 1197822, at *5 (E.D. Wash. Mar. 30, 2017), the court sustained an objection to a motion to compel production of other FDCPA cases.  The court concluded that evidence of other FDCPA violations was irrelevant to issue of violation in the case at hand.  If an objection to producing this evidence was sustained on relevance grounds under discovery's more liberal standard, it clearly is not relevant here.  While the plaintiff will argue that this information is relevant to his consumer protection action claims, *Rose* addressed, and rejected, this argument by concluding the evidence was not necessary to prove the public interest element of the Consumer Protection Act.  For the forgoing reasons, the court should strike Exhibits G and H to Davidovskiy's declaration.

Third, this evidence is unduly prejudicial and inadmissible under Fed. R. Ev. 403.  Under Fed. R. Ev. 404(b), it is inadmissible to prove character.  See, *Ricks v. Matayoshi,* 2017 WL 1363306, at *2 (D. Haw. Apr. 12, 2017) [In a disability discrimination suit against the state department of education, the court granted a motion in limine to exclude evidence of other lawsuits against the state for discrimination against disabled students.]

**B.**     **Mathis and Stewart Are Not Personally Liable for SCI's Actions.**

Defendants Michael Mathis and James Stewart are SCI's two owners.  Their shareholder status does not, without more, create personal liability for any statutory violations committed by SCI's staff.  *Moritz v. Daniel N. Gordon, P.C.,* 895 F. Supp. 2d

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 5
[2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

1097 at 1110 (W.D. Wash. 2012), addressed claims of this sort.    At 1109 the court

concluded,

> [B]ecause the FDCPA imposes personal, not derivative, liability, *serving as a shareholder, officer, or director of a debt collecting corporation is not, in itself, sufficient to hold an individual liable as a 'debt collector.'* [citation omitted] Rather, the FDCPA "requires that the individual 'regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.' [citation omitted] Based on this standard, courts have found an individual personally liable if "the individual 1) materially participated in collecting the debt at issue; 2) exercised control over the affairs of the business; 3) was personally involved in the collection of the debt at issue; or 4) was regularly engaged, directly and indirectly, in the collection of debts." [citation omitted] (emphasis added)

Plaintiff has offered no evidence from which the court can conclude that Mathis and Stewart engaged in conduct sufficient to satisfy any of the four alternative bases for holding them personally liable under the FDCPA. Accordingly, the court should deny this motion as to the individual defendants and dismiss them from this action, regardless of the court's ruling with respect to SCI.

Likewise, there is no basis to hold Mathis and Stewart liable under the WCAA and the WCPA unless the evidence demonstrates they individually participated in conduct that violated the WCAA or knew of, and sanctioned, such conduct. See, *State v. Arlene's Flowers, Inc.,* 187 Wn.2d 804, 854, (2017), <u>cert. granted, judgment vacated,</u> 138 S. Ct. 2671 (2018) [owner of flower shop that violated Washington law against discrimination was personally liable for WCPA violation because she knew of, and did not prevent, the wrongful, discriminatory conduct of her business].    *Arlene's Flowers* relied on *Grayson v. Nordic*

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 6
[2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

*Construction*, 92 Wn.2d 548 (1979) [corporate officer personally liable for WCPA violation where evidence demonstrated that *he participated in deceptive trade practices*].

The court has no such evidence before it. As such, the court should deny plaintiff's motion as to Mathis and Stewart on the state claims and dismiss them as well.

### C.  COUNTS 1-18.

*i.      Introduction*.  Broadly, counts 1-18 allege that Dolan did not owe what SCI contended he owed to Proliance.  Plaintiff contends that SCI's filing suit to collect the disputed Proliance debt violated: 15 U.S.C. §1692e(2) [false representation of the character, amount or legal status of debt]; §1692e(5) [threat to take any action that cannot legally be taken]; §1692e(10) [use of false representations or deceptive means to collect or attempt to collect the debt] and §1692f [use of unfair or unconscionable means to collect or attempt to collect any debt].

This family of counts further breaks down into two broad swatches:  (a) SCI had no right to file suit to collect the debt because Dolan disputed it and (b) SCI's employee Mike Donner engaged in unfair and deceptive conduct during his August 17, 2017 conversation with Dolan.  These claims are without merit. The court should deny plaintiff's motion.

*ii.     SCI Has the Right to Collect Dolan's Debt to Proliance*.  Suing to collect a debt, even if the debtor disputes the debt, does not violate the FDCPA.  See defendants' Memorandum in Support of its Motion for Summary Judgment (Dkt 38, pages 5-6).  Without more, plaintiff's contention fails to state a claim on which relief could ever be granted.  The

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 7
[2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

court should grant defendants the relief requested in their motion for summary judgment and dismiss counts 1-18 with respect to claims based on 15 U.S.C. 1692e(2) [false representation of character, amount or legal status of debt]; 1692e(5) [threat to take action that cannot legally be taken]; 1692e(10) [using false representation or deceptive means to collect or attempt to collect any debt] and 1692f [use of unfair or unconscionable means to collect or attempt to collect a debt].

iii.     Counts 1-18 Also Fail due to Failure of Proof.  The second prong of Counts 1-18 pertain to a conversation plaintiff had on August 17, 2017 with one of SCI's employees, Mike Donner.  Plaintiff contends that as a matter of law, and not of fact, Donner's statements to Dolan were deceiving to a least sophisticated consumer.

As a preliminary matter, if the court grants SCI's motion to strike evidence (Exhibit A to the Dolan Declaration), there is no competent evidence from which the court can assess whether Mr. Donner's statements were unfair and deceptive to the least sophisticated consumer.  Likewise, the quotations from the transcript appearing on pages 11-19 (Dkt #39, pages 11-19) are not evidence. The court may not consider them.

Even if the court denies defendants' motion to strike this evidence, plaintiff's proof still fails.  In the Ninth Circuit, whether a *writing* violates the FDCPA is an issue of law for the court to decide. *Heathman v. Portfolio Recovery Associates, LLC,* 2013 WL 3746111, at 3 (S.D. Cal. July 15, 2013).   The court is to apply "an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication."

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 8
[2:17 cv 1632 RAJ]

Even a least sophisticated consumer is charged with the responsibility of understanding English.  *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055 (9th Cir. 2011). At 1062, the court stated the rule as follows,

> [T]he standard "preserv[es] a quotient of reasonableness and *presum[es] a basic level of understanding and willingness to read with care.*" *Rosenau v. Unifund Corp.,* 539 F.3d 218, 221 (3d Cir.2008) (internal quotation marks omitted). The FDCPA does not subject debt collectors to liability for "*bizarre," "idiosyncratic," or "peculiar" misinterpretations.* [citations omitted] (Emphasis added).

Plaintiff's tortured analysis of his conversation with Mike Donner crosses the *Gonzales* line.  His argument asks the court to analyze the conversation and apply a "bizarre, idiosyncratic and peculiar" assessment of the conversation.

Defendants have reviewed Ninth Circuit FDCPA decisions to find even one case applying the least sophisticated consumer standard to oral communications with a consumer.  Defendants have found none.  In fact, nationally, SCI has found only one decision from the District of Colorado that addresses the issue.[1]

Nationally, the only cases defendants did find that discuss telephonic conversations are: harassment claims under 15 U.S.C. §1692d; third party communications claims under 15 U.S.C. §1692c(3); communications with a consumer known to be represented by counsel under 15 U.S.C. 1692c(2); communications at a time and place known to the collector to be inconvenient under 15 U.S.C. §1692c(a)(2) and (3) and failing to disclose

---

[1] *Irvine v. I.C. Sys., Inc.,* 176 F. Supp. 3d 1054 (D. Colo. 2016), reconsideration denied, 198 F. Supp. 3d 1232 (D. Colo. 2016).



DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 9
[2:17 cv 1632 RAJ]


SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

the collector's identity as required by 15 U.S.C. 1692d(6).  None of these claims are at issue here.

*Donohue v. Quick Collect, Inc.,* 592 F.3d 1027 (9th Cir. 2010), supports rejecting Dolan's claim that Donner's words violated 15 U.S.C. 1692e and 15 U.S.C. 1692f.  There, the court stated that not every misstatement is actionable under the FDCPA.  A claim only arises where a misstatement is material.   A material misstatement is one that impacts the consumer's ability to make rational choices about his course of action.  As the court stated the issue, "did the collection agency 'provide information that helps consumers to choose intelligently.' " *Id.* at 1033.

*Donohue* was most recently considered in *Fuqua v. Associated Credit Serv., Inc.,* 2018 WL 2371102, at *4 (E.D. Wash. May 24, 2018), <u>reconsideration denied,</u> 2018 WL 3318887 (E.D. Wash. July 5, 2018).  In that case, Fuqua contended that Associated Credit had misrepresented litigation costs in its motion for default because it sought to collect a $5 notary fee on a writ of garnishment when it had not incurred that charge.  In holding that Associated's conduct was not misleading, following *Donohue,* the court concluded at *5,

> the misrepresentation *does not appear to have impacted Fuqua's ability to make an intelligent choice* in her response to the default judgment. Like *Donohue*, Fuqua has not identified any action she "could have taken that was not already available to her on the basis of the information" in the default judgment. (Emphasis added)

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

If the court considers Exhibit A to the Dolan Declaration, it still should find that Donner's conversation with Dolan was just that. It was a conversation to explore how Dolan could pay the balance due. While Dolan expressed surprise at the bill because of its age, he never disputed it.[2]  Moreover, at the time of the conversation, Dolan had no attorney and no judgment had been entered.  It was absolutely appropriate for Donner to speak with Dolan. While plaintiff's counsel has argued that Donner's statements were deceptive, plaintiff has offered no competent evidence to support the conclusion that Donner's statements, even if not accurate on all four corners, were *materially* false.  Under *Donohue*, plaintiff must come forward with evidence, as opposed to counsel's argument, demonstrating that but for the collector's actions, the plaintiff would have chosen a different path.  Failure to present such evidence dooms the complaint based on Dolan's conversation with Donner.

Plaintiff's first argument (Dkt #39 at 12) is that Donner's advice about the meaning of the district court summons was misleading.   Donner advised that if Dolan paid the debt within 20 days, SCI would dismiss the complaint.  Significantly, Dolan does not indicate how he would have acted differently had Donner not indicated that the case would "go away" *if* Dolan paid. In fact, Dolan did not make payment so he cannot demonstrate any reliance and hence, materiality.  This is a core deficiency in the evidence under *Donohue.*

Dolan next contends (Dkt #39 at 13-14) that Donner's statement that if payment were made there would be no public record.  Again, Dolan fails to state any action he took, or

---

[2] In fact, the conversation ended with Dolan stating he would speak with his wife and call Donner back in several

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 11
[2:17 cv 1632 RAJ]



SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

failed to take, in reliance on Donner's statement.  Under *Donohue*, this lack of evidence is fatal to proving materiality.  Moreover, the statement is accurate. While the court record would never be expunged, the credit reporting agencies no longer report state court proceedings, and they have not done so since July 2017[3] – one month before Dolan spoke with Donner. Thus, Dolan's credit report would not show the record of the suit.

Dolan next contends that Donner's statement that the court could still enter judgment against him was false (Dkt #39 at 14-15). Here too, *had* Dolan made payment based on this statement, he would show reliance, and hence materiality. He failed to do make a payment. Under *Donohue*, this aspect of the claim fails and must be rejected.

Dolan next contends that Donner' statement that SCI might drag its feet to delay judgment if payment was received violated 1692e and 1692f.   Of course, no payment was made, so Dolan cannot show any reliance on the statement. Absent that proof, this aspect of the claim also fails under *Donohue.*   Moreover, nothing in the statement was untrue. Donner was simply advising Dolan that if he made a payment, SCI would delay taking action in the district court.   This statement is not false, misleading or in any way violative of the FDCPA.  The court should reject this claim as well.

The balance of the conversation between Dolan and Donner was little more than the negotiations that are common place in situations like this. Donner and Dolan explored various options, including Dolan's suggestions that he could call his credit card issuer about

---

days.  The return call never came.  Donner Declaration, Paragraph 7.

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 12
[2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

increasing his credit line.   Again, there is no evidence of Dolan's reliance on anything Donner said (for example, by agreeing to a plan and allowing a stipulated judgment to be entered).   SCI had two Proliance accounts to collect. While Dolan expressed surprise that he owed anything, he never disputed the debt during his conversation with Donner.  In fact, he inquired about a discount for cash payment.[4]

**COUNTS 19-36.**  Broadly, these 17 counts address the issue of whether SCI violated 15 U.S.C. 1692e and 1692f by seeking prejudgment interest in the collection action.  For the reasons articulated by defendants in their motion to dismiss counts 19-36,[5] (Dkt 38 at pp 6-11), plaintiff's argument lacks merit. The court should conclude that SCI had the legal right to seek pre-judgment interest on these liquidated debts.  To the extent the complaint alleges such action violates the FDCPA, the court should deny plaintiff's motion and grant defendants' dismiss counts 19-36 with prejudice.   Likewise, the court should deny plaintiff's motion, and grant SCI's motion to dismiss counts 44 and 51-53 which allege violations of the Washington Collection Agency Act based on the theory that SCI was not entitled to charge prejudgment interest.

**D.**    **COUNTS 37-39.**  Counts 37-39 (Complaint ¶¶6.22 — 6.30) allege that the two validation notices sent to plaintiff failed in three respects to comply with 15 U.S.C. 1692g's validation notice requirement.    For the first time in his motion, plaintiff now

[3] Declaration of Chris Straiter at ¶3 and Exhibit 1 to Straiter's  Declaration.

[4] Donner Declaration ¶4

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 13
[2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

contends that SCI had a separate duty to send a validation notice in addition to the notice its predecessor in interest, WCA, sent.  For the reasons below, the court must dismiss counts 37-39.

> i.      *Statute of Limitations*.  15 U.S.C. §1692k(d) imposes a twelve month statute of limitations on FDCPA claims.  In the Ninth Circuit, this statute is governed by a discovery rule.  Under it, the statute of limitations is equitably tolled until the party alleging injury discovers, or in the exercise of reasonable investigation should have discovered, *the injury giving rise to the claim*.  See, *Mangum v. Action Collection Serv., Inc.,* 575 F.3d 935, 940 (9th Cir. 2009).  The event triggering the duty to investigate is the knowledge of injury, not knowledge of the actual wrongful conduct causing the injury.

Here, WCA sent validation notices on May 8, 2014 and January 31, 2015 for the two separate Proliance accounts.[6]  While Dolan has denied receipt of these documents, for the reasons stated in defendants' motion for summary judgment,[7] these documents are presumed to have been received.   Plaintiff has not rebutted the presumption of delivery. In fact, he has not even addressed it in his motion. As such, receipt of the two validation notices is presumed.  Since he now so vehemently denies owing the debts, his knowledge of injury relates back to the no later August 11, 2014 and February 3, 2015 (pursuant to Fed.R.Civ.P 6, mailed documents are presumed received three days after posting).  Knowledge of the claims

---

[5] Dkt 38 at pps. 6-11)

[6] Exhibits A and B to Quinn Declaration (Dkt # 38-2) and 1 and 2 to Jansen Declaration (Dkt #38-1).

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 14
[2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

triggered Dolan's duty to investigate and commence this action.  When Dolan received each validation notice, he was put on notice of "injury."  By waiting for more than two years after WCA sent the validation notices, Dolan has waived his right to bring this claim.  Thus, if, and to the extent the WCA validation notices are legally deficient, such claim is time barred.

ii.     *SCI had No Duty to Send a Second Validation Notice.*  In *Hernandez v. Williams, Zinman & Parham, PC*, 829 F.3d 1068 (9th Cir. 2016), the court held that a subsequent collection agency has an affirmative duty to send a validation notice, even though the prior agency did so.  Several subsequent cases have shaped the contours of this ruling.

In *Heffington v. Gordon, Alyworth & Tami*, 2017 WL 6626317 (D. OR. 2017), the court held that a collection agency's name change, even if it is a material name change, does not trigger the duty to send a new validation notice.  Similarly in *Laak v. Quick Collect, Inc.*, 2017 WL 6559909 (ED WA 2017), the court held that an attorney engaged to execute on a judgment obtained by Quick Collect had no separate duty to deliver a validation notice within five days after the attorney issued a wage garnishment wages.

This case is analogous.  This is not an instance where the creditor recalled the account from WCA (the initial debt collector) and subsequently assigned the debt to SCI, as was the case in *Hernandez.*  Instead, SCI entered into an agreement with CN Collections, Inc. d/b/a WCA on July 29, 2015 to take over the duty of collecting accounts previously placed with WCA because WCA went out of business, once WCA's clients agreed to SCI's assumption of

---

[7] Dkt # 38 at 11-12

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 15
[2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

collection responsibility.  SCI accepted all of those accounts.  Moreover, SCI purchased CN Collections' trademarks, the WCA trade name and CN Collections' web sites.[8]  Consistent with *Heffington*, this transaction was, in every material respect, materially indistinguishable from the business name change at issue there.

Even if the court concludes that SCI should have sent separate validation notices after it acquired the Dolan accounts from WCA, imposing that obligation here raises due process issues.  Before the Ninth Circuit published the *Hernandez* decision on July 15, 2016, no court in this circuit had ever addressed the issue.  In fact, SCI has found no decision anywhere in the federal court system ruling as the court did in *Hernandez*.  Instead, the rule was to the contrary.  Case law held that 15 U.S.C. §1692g only required one validation notice – to be sent within five days after initial contact by the first creditor.  See for example, *Paris v. Steinberg & Steinberg,* 828 F. Supp. 2d 1212, 1222 (W.D. Wash. 2011) [subsequent debt collector is not required to provide additional notice and another thirty-day validation period after a validation notice has been timely sent to the debtor]; *Nichols v. Byrd,* 435 F. Supp. 2d 1101, 1105 (D. Nev. 2006) [attorney hired to sue on debt was not required to deliver a separate validation notice where his client had already done so].

Since the WCA/SCI transaction occurred before the Ninth Circuit published its *Hernandez* decision, SCI had no way to know the standing rule in this judicial district was

---

[8] Mathis Declaration, ¶ 3.

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 16
[2:17 cv 1632 RAJ]



SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

1  about to change.  Using 20/20 hindsight two years after the fact is manifestly unfair and a

2  deprivation of SCI's basic right of due process to have some notice of what is expected of it.

3       The Supreme Court has recognized such unfairness and articulated a rule of

4  prospectivity. See, *Chevron Oil v. Huson*; 404 U.S. 97 (1971), 92 S.Ct 349 (1971)  *Northern*

5  *Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 88, 102 S.Ct. 2858, 2880

6  (1982).  Under the rule, when a court issues a decision that sets a new standard, it applies

7  prospectively only. Actions occurring before the decision is published are governed by prior

8  precedent. Such is the case here.  In this judicial district, *Paris* stated the rule until the Ninth

9  Circuit published *Hernandez.*  As such, *Paris* governs this question in this case. Under that

10  decision, SCI had no duty to issue a second validation notice.

11       Even if the court concludes that *Hernandez* does apply retroactively, the court must

12  deny this motion because there is an issue of material fact whether SCI has stepped into

13  WCA's shoes or is wearing its own pair.

14       *iii.  Plaintiff's Contentions are Outside the Scope of the Complaint.*  The argument

15  now advanced is not within any reasonable construction of counts 37-39 because the

16  complaint only addresses alleged deficiencies in the two WCA notices. Nowhere does the

17  complaint even allude to this issue.  While Fed.R.Civ.P 15(b)(1) directs that leave should be

18  freely granted to amend pleadings to conform to the evidence, "*when doing so will aid in*

19  *presenting the merits and the objecting party has failed to satisfy the court that the evidence*

20  *would prejudice that party's action or defense on the merits.*"

23  DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 17
[2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

Discovery has closed in this case. Trial is set to begin January 14.  SCI has deposed both plaintiff and his wife.  Because this issue was not raised before now, SCI did not think to explore an "issue" that was not before it.  Simply, plaintiff is now attempting to slip a new theory under the door at the eleventh hour.

For all of the foregoing reasons, the court should deny the motion regarding Counts 37 through 39.  Instead, it should grant defendants' motion for summary judgment dismissing the same.

As a final FDCPA claim, Dolan contends that WCA's validation notices violated 1692e because it failed to state that interest would continue to accrue, thereby increasing the debt.  Plaintiff relies on *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols and Clark, LLC,* 214 F.3d 872 (7th Cir 2000).

In *Miller,* the defendants included a statement about accruing interest and costs that were expressly approved by the Second Circuit 16 years later in *Avila v. Riexinger & Assoc, LLC,* 817 F.3d 72 (2nd Cir. 2016).  SCI has found no Ninth Circuit authority embracing *Avila.* In *Heffington v. Gordon, Aylworth & Tami, P.C.,* 2017 WL 6626317, at *9 (D. Or. Dec. 28, 2017), the court concluded that *Avila's* rationale was based on 15 U.S.C. §1692e. Specifically, the *Heffington* court concluded that mere failure to include the *Avila* safe harbor warning did not violate 15 U.S.C. 1692g.  Here, plaintiff contends that the absence of the *Avila* notice in the validation statements violates 15 U.S.C. 1692g.  *Heffington* says the plaintiff is mistaken.

Moreover, Avila was decided in 2016, two years after WCA sent its validation notices. Under the rule of prospectivity discussed earlier, *Avila* cannot be used to hold collectors liable

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 18
[2:17 cv 1632 RAJ]



SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

for omitting a safe harbor notice that did not even exist when it sent the notices.  For this additional reason, the court should dismiss counts 37-39.

### E.  THE STATE CLAIMS.

Plaintiff presents the court with a smorgasbord of alleged violations of the "prohibited practices" section of Washington Collection Agency Act, RCW 19.16.250 ("WCAA")   He alleges that SCI violated sections: 21 [attempting to collect more than *allowable interest* and principle unless authorized by statute or agreement]; 15 [communicating with debtor that obligation may be increased by additional charges when such charges may not be imposed]; 16 [taking any action that cannot legally be taken at time threat was made]; 22 [procuring from debtor any written  note, contract, stipulation, promise or acknowledgement under which a debtor may be required to pay any sum other than principle and allowable interest and 13 [communicating in such a manner as to harass, intimidate, threaten, embarrass a debtor].

A violation of the WCAA is not, itself, actionable.  Instead, a violation of the Prohibited Practices section merely establishes a per se unfair or deceptive act or practice under the Washington Consumer Protection Act, RCW 19.86.020 ("WCPA"). See, RCW 19.16.440.

However, even if the plaintiff proves WCAA violations, he still bears the burden of establishing the remaining four WCPA elements.  See, *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 719 P.2d 531, 533 (1986).  [A WCPA claim as five elements.  To prevail on a CPA claim, a plaintiff must prove:  "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 19
[2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

in his or her business or property; [and] (5) causation."]  For the reasons below, plaintiff's proof fails. The court should deny the plaintiff's motion and dismiss counts 40-55 with prejudice.

   **i.      *Failure to Establish an Unfair or Deceptive Act or Practice.***  For the most part, plaintiff's WCAA claims stem from SCI's imposition of prejudgment interest on the two Proliance debts.   For the reasons defendants stated in their motion for summary judgment (Dkt 38 at pps. 6-11), plaintiff's premise is flawed. Under Washington law, the Proliance claims were liquidated claims. Washington law favors awarding prejudgment interest on liquidated claims.  Since SCI had the legal right to accrue, and seek, prejudgment interest on the Proliance debts, the WCAA claims all fail on their face because plaintiff has not shown any violation of the WCAA.

   Beyond the issue of prejudgment interest, plaintiff also bases the balance of his state claims on his flawed FDCPA theories. As the court should deny plaintiff's motion and dismiss the FDPCA claims, it should dismiss the WCPA claims as well.

   In *Moritz v. Daniel N. Gordon, P.C.,* 895 F. Supp. 2d 1097 at 1110 (W.D. Wash. 2012), the court considered whether proof of a WCAA violation also satisfied the proof required of a WCPA claim.  The court held that it did not.  While proof of a WCAA violation satisfies the first element of proof under *Hangman Ridge*, it does not address the remaining four elements.  See, RCW 19.16.440.

   **ii.     *Plaintiff Has Not Proven Public Impact.* *Moritz*** instructs that a WCAA violation does not, per se, satisfy the public impact element of the statute. *Id.* at 1113-1114.

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 20
[2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

The WCPA only applies where conduct giving rise to essentially a private dispute, has the risk of repetition, affecting the public. *Hangman* Ridge at 536-539. "[I]t is the likelihood that additional plaintiffs have been or will be injured ***in exactly the same fashion*** that changes a factual pattern from a private dispute to one that affects the public interest." *Moritz v. Daniel N. Gordon, P.C.,* 895 F. Supp. 2d 1097, 1114 (W.D. Wash. 2012) (emphasis added).

The public impact element can be proven by showing: (1) the alleged acts were committed in the course of defendant's business; (2) defendant advertised to the public in general? (3) the defendant actively solicited this particular plaintiff, indicating potential solicitation of others, (4) the parties occupied unequal bargaining positions. *Trujillo v. Nw. Tr. Servs., Inc.,* 183 Wn.2d 820, 836 (2015). *Trujillo* instructs that proof of all four elements is not required and proof of no one element is dispositive.

Of the four elements of proof of public interest, the record only shows that SCI acted in the course of its business. While plaintiff has attempted to prove the likelihood of repetition by offering an unexplained index of federal lawsuits involving SCI (Davidovskiy Declaration, Exhibit G and H), that "evidence" falls short because the record fails to establish that the cases cited these two inadmissible exhibits demonstrate that SCI injured plaintiffs in those case *in exactly the same fashion* as alleged in this case. In fact, plaintiff has not made any effort to comb though the case index for any cases that involve the issues alleged here.

Obviously, this is not a case where SCI solicited Dolan's business. Moreover, this is not a case where the parties necessarily have unequal bargaining power. This matter was in litigation. Each party had, and has, an equal right and ability to persuade the South Snohomish

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 21
[2:17 cv 1632 RAJ]

County District Court that their position is the correct one. In fact, Dolan actually prevailed in the first test.  On September 24, 2018, the state district court denied SCI's motion for summary judgment.

Based on the foregoing, defendants submit that Dolan has failed to carry his burden of proving public interest.  This failure of proof is fatal.  The court should, therefore, deny the motion and dismiss counts 40 through 55.

   iii.   **Plaintiff Has Not Proven Injury to Business or Property Caused by SCI's Conduct.**

Plaintiff must establish that he suffered injury to his business or property as a result of defendants' conduct.  The WCPA does not provide relief for non-economic injury such as emotional distress damages.  *Moritz v. Daniel N. Gordon, supra.*

In this case, the only evidence of economic injury Dolan has presented is Exhibit F to this declaration. This unverified document purports to be a letter from his alleged employer summarizing Dolan's time loss.  Even if the court denies defendants motion to strike this exhibit because it is inadmissible, unauthenticated, hearsay, it still falls short of the mark.

Dolan contends that he lost time at work because he had to meet with his attorney to discuss the Collection Action.  Even if that fact is true (and there is no competent evidence to establish that Dolan had no alternative way to mitigate his injury by meeting with counsel after hours or on days when he may not have been scheduled to work), causation has not been proven. Simply, whether defendants are ultimately found liable for some FDCPA or WCAA violations, there is no real dispute that Dolan owed something. It goes without saying that

DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 22
[2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

1   once SCI noted its first motion for summary judgment, Dolan took steps to protect his

2   interests.  The record does not show that but for the alleged FDCPA violations he would not

3   have sought counsel to defend against the collection claim.  This is a monumental failure of

4   proof of damages proximately caused by the alleged FDCPA and WCAA violations. Absent

5   this proof of damages, the WCAA/WCPA claim fails. Accordingly, the court should deny

6   plaintiff's motion and dismiss counts 40-55 for this additional reason.

7                                    **IV.   CONCLUSION**

8          By any objective measure, the plaintiff's action is without merit as a matter of law for

9   the following reasons:

10         The mere presence of a dispute over whether Dolan owes a debt to Proliance (the

11   subject of the Collection Action), does not create FDCPA liability.   A collection agency

12   does not violate the FDCPA by filing suit to collect a disputed debt. After all, that is why

13   courts exist – to resolve disputes the parties cannot resolve on their own.  As such, the court

14   should deny plaintiff's motion.  It should dismiss counts 1-18 for the reasons stated in

15   defendants' motion.

16         The debt SCI sought to collect was a liquidated debt. Under Washington law, SCI was

17   entitled to charge pre-judgment interest.  As such, the court should deny plaintiff's motion.

18   Instead, it should dismiss counts 19-36 for the reasons stated in defendants' motion.

19         SCI had no legal duty to send a separate validation notice to Dolan.  The *Hernandez*

20   decision was issued two years after SCI assumed collection responsibility for the Dolan

21

22

23   DEFENDANTS' MOTION TO STRIKE AND
     OPPOSITION TO PLAINTIFF'S MOTION
     FOR SUMMARY JUDGMENT - 23
     [2:17 cv 1632 RAJ]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

1   accounts.  Under the doctrine of prospectivity, SCI cannot be charged with failing to follow a

2   Ninth Circuit rule that did not exist when it closed its transaction with CN Collections, Inc.

3        Even if the court denies defendants' motion to strike evidence of the conversation with

4   Mike Donner, those conversations fall short of any of the alleged violations claimed because

5   plaintiff has failed to prove materiality.

6        Finally, the WCPA claim fails for numerous reasons. The record fails: (a) to prove an

7   unfair or deceptive act or practice; (b) to prove public interest or (c) to prove any economic

8   injury *proximately caused* by defendants' activities, even if those activities may have

9   violated the WCAA.  Simply, plaintiff incurred attorney's fees and lost time from work

10  because he sought to defend himself against the collection claim. The record fails to

11  demonstrate that he would not have suffered those injuries to his business or property but for

12  the claimed WCAA violation.

13       For all of the foregoing reasons, the court should deny plaintiff's motion and grant

14  defendants cross motion to dismiss.

15       Dated this 5th day of November, 2018.

16                          SIMBURG, KETTER, SHEPPARD &
                            PURDY, LLP

17
                             *s/ Andrew D. Shafer*
18                          Andrew D. Shafer, WSBA No. 9405
                            Attorney for Defendants
19                          999 Third Avenue, Suite 2525
                            Seattle, WA  98104
20                          Tel:206.382.2600; Fax: 206.223.3929
                            e-mail: ashafer@sksp.com

21

22

23  DEFENDANTS' MOTION TO STRIKE AND          SIMBURG, KETTER,
    OPPOSITION TO PLAINTIFF'S MOTION          SHEPPARD & PURDY, LLP
    FOR SUMMARY JUDGMENT - 24                 999 THIRD AVENUE, SUITE 2525
    [2:17 cv 1632 RAJ]                        SEATTLE, WASHINGTON 98104-4089
                                              (206) 382-2600 FAX: (206) 223-3929

CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed the foregoing **Defendants' Opposition to Plaintiff's Motion for Summary Judgment** together with the **declarations of Chris Straiter, Michael Mathis and Michael Donner** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Boris Davidovskiy                                    boris@davidovskiylaw.com
*Attorney for Plaintiff*

And I hereby certify that I have e-mailed and mailed by United States Postal Service the document to the following non CM/ECF participants:

NONE

DATED:          November 5, 2017.


                                        *Andrew D. Shafer,*
                                        Andrew D. Shafer, WSBA # 9405


DEFENDANTS' MOTION TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 25
[2:17 cv 1632 RAJ]



SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929