HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANK DOLAN,

    Plaintiff,

v.

SENTRY CREDIT, INC., et al.,

    Defendants.

CASE NO. C17-1632 RAJ

ORDER

This matter comes before the Court on Plaintiff's Motion to Extend Deadline for Plaintiff's Expert Disclosures. Dkt. # 30. Plaintiff's Motion, filed August 24, 2018, requests that this Court retroactively extend the expert witness disclosure deadline from August 17, 2018 to October 10, 2018. Dkt. # 30 at 1. Defendants oppose, and Plaintiff has filed a Reply. Dkt. ## 33, 34. For the reasons stated below, the Court **DENIES** Plaintiff's Motion.

On January 9, 2018, this Court ordered that expert witness disclosures and reports under Rule 26(a)(2) were due by July 18, 2018. Dkt. # 24. On July 18, 2018, by agreement of the parties, the Court extended this deadline to August 17, 2018. On August 16, 2018, Plaintiff indicated to Defendants that he would be able to provide the names and subject matters, but not reports, of his experts. Dkt. # 31 at pp. 2-3, ¶¶ 7-9.

ORDER- 1

When Plaintiff served his expert witness disclosures a day later without accompanying reports, Defendants objected, and informed Plaintiff they would move to exclude Plaintiff's experts. *Id.* at p. 3, ¶ 12. Plaintiff agreed that his disclosures were inadequate, and on August 23, 2018, "withdrew" his expert disclosures, "reserving the right to disclose expert witness(es) in the event the Court grants the present motion." *Id*. at pp. 3-4, ¶ 14.

On August 24, 2018, Plaintiff filed the present Motion seeking to retroactively extend the expert disclosure deadline, which Defendants opposed. Dkt. ## 30, 33. On November 19, 2018, the Court requested the parties provide an update on the status of Plaintiff's expert disclosures and reports, if any. Dkt. # 47. The parties responded, and both agreed that Plaintiff had not served any expert reports or disclosures during the pendency of this Motion, and that no discovery has occurred. Plaintiff noted that if this Motion is granted, he could serve the expert disclosures and reports "within two weeks." Dkt. # 48.

Each party must disclose expert witnesses by the expert disclosure deadline set by the Court. Fed. R. Civ. P. 26(a)(2). Parties may disclose an expert witness after that deadline only if the "evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). Fed. R. Civ. P. 26(a)(2)(B) provides that expert disclosures "must be accompanied by a written report." A party who, without substantial justification, fails to properly disclose its experts and their reports is barred from using as evidence at a trial or hearing, or on a motion, the undisclosed witnesses and information, unless the failure is harmless. Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001). A court has "particularly wide latitude" in its decision to impose Rule 37(c)(1). *Id*. Moreover, a federal district court "possesses the inherent power to control its own

docket and calendar." *Mediterranean Enters., Inc. v. Ssangyong Const. Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). Finally, a case schedule can be modified under Rule 16(b) "upon a showing of good cause." Fed. R. Civ. P. 16(b).

The Court already extended the expert witness disclosure deadline once, and it will not do so again without a compelling reason. Plaintiff fails to provide good cause for why this Court should retroactively extend a deadline that has long passed. When the Court sets deadlines, it expects them to be followed. If Plaintiff was having difficulty securing his expert reports before the amended deadline, he could have requested action from the Court then: instead, he waited until a week after the deadline had lapsed. Dkt. # 30. While the Court is sympathetic to Plaintiff's personal difficulties (Dkt. # 32), Plaintiff fails to adequately explain how these difficulties caused his failure to timely comply with Court-ordered deadlines, or why he waited until after the deadlines had passed to request more time. Plaintiff filed this lawsuit in late 2017 and had ample time to secure his experts and their reports before the deadlines lapsed.

The Court finds that Plaintiff's failure to comply with the rules and deadlines was not substantially justified. The Court also finds that Plaintiff's failure is not harmless where the discovery and expert deadlines have long passed, dispositive motions have already been filed, and trial is set for January 14, 2019. *See, e.g.*, *Jarritos, Inc. v. Reyes*, 345 F. App'x 215, 217 (9th Cir. 2009) ("When the order establishing an expert disclosure deadline also sets a deadline for pretrial motions, we have held that disruption to the schedule of the court and other parties is not harmless . . . .") (internal quotations omitted). Plaintiff's assertion that he could provide expert disclosures and report "within two weeks" of the Court granting his Motion would not solve the problem, and only further constrain Defendants as they prepare for a trial that is a little more than a month away. Dkt. # 48.

At this point, allowing Plaintiff to reintroduce expert witnesses and reports that may or may not exist will only serve to further delay proceedings, force the reopening of discovery, deprive Defendants of a meaningful opportunity to evaluate these experts and prepare effective rebuttals, and further postpone the resolution of this matter.

Accordingly, the Court **DENIES** Plaintiff's Motion to Extend Deadline for Plaintiff's Expert Disclosures. Dkt. # 30.

Dated this 30th day of November, 2018.

The Honorable Richard A. Jones
United States District Judge